IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA  DIVISION


BOBBY WILLIAMS,

      Plaintiff,

v                                            CASE NO: 3:04cv93/LAC

AIR PRODUCTS AND CHEMICALS, INC,

      Defendant.
_____/


**ORDER FOR PRETRIAL CONFERENCE AND SETTING TRIAL**


      The Court having considered the progress of this case, and it appearing that all discovery has now been, or will soon be, completed, the following pretrial schedule and procedure is established:

      I.  DATES FOR COMPLIANCE WITH PRETRIAL PROCEDURE.

      A.  This case is set for pretrial conference in the Courtroom 4 South, United States Courthouse, One North Palafox Street, Pensacola, Florida, on **WEDNESDAY, NOVEMBER 2, 2005@ 10:00 AM .**

      B.  The attorneys' conference required by section II shall be held no later than  October 17, 2005.

      C.  The pretrial stipulation and other papers required by sections III and IV shall be filed with the Clerk of the Court on or before  October 24, 2005.

      D.  This case will be tried in **PENSACOLA** by **JURY DURING THE TRIAL TERM BEGINNING MONDAY, NOVEMBER 7, 2005, with jury selection scheduled for 9:00 A.M. on NOVEMBER 7.**

II. <u>ATTORNEYS TO CONFER.</u>

_____Counsel for all parties shall meet together on the date specified in paragraph I(B) for the following purposes:

A.  To discuss the possibility of settlement;

B.  To stipulate to as many facts and issues as possible;

C.  To draw up a pretrial stipulation in accordance with section III of this order.

D.  To examine all exhibits and documents proposed to be used in the trial;

E.  To furnish opposing counsel the names and addresses of all witnesses, including possible rebuttal witnesses and experts;

F.  To discuss the question of damages, including matters of evidence and proof which either party proposes to present at trial and the law in regard thereto; and

G.  To complete all other matters which may expedite both the pretrial and the trial of this case.

H.  Counsel for plaintiff shall initiate arrangements for the attorneys' conference.  However, all attorneys in this cause are charged with the duty of meeting in such conferences and of complying with the schedule set forth in this order.  If the schedule is not kept by any counsel, it is the duty of other counsel to insist upon the necessary meeting or meetings to effect the pretrial stipulation, and failing to succeed, to advise the Court by motion seeking sanctions against any party failing or refusing to meet as directed after request.

III.  <u>PRETRIAL STIPULATION</u>.

The pretrial stipulation shall contain:

A.  The basis of federal jurisdiction;

B.  A concise statement of the nature of the action;

C.  A brief general statement of each party's case;

D.  A list of all exhibits to be offered at the trial, noting any objections thereto and the grounds for each objection;

E.  A list of names and addresses of **ALL** witnesses, including rebuttal and expert, intended to be called at the trial by each party.  Expert witnesses shall be labeled as such;

F.  A concise statement of those facts which are admitted and will require no proof at trial, together with any reservations directed to such admissions;

G.  A concise statement of those  issues of law on which there is agreement;

H.  A concise statement of those issues of fact which remain to be litigated;

I.  A concise statement of those issues of law which remain for a determination by the court;

J.  A concise statement of any disagreement as to the application of rules of evidence or the Federal Rules of Civil Procedure;

K.  A list of all motions or other matters which require action by the Court;

L.  A statement whether this is now a jury or a non-jury trial case;

M.  Counsel's respective estimates of the length of the trial; and

N.  The signature of counsel for all parties.

IV.  <u>PAPERS TO BE SUBMITTED</u>.

No later than the date specified in paragraph I©), the parties shall file with the Clerk of the Court an original and one copy of the following:

A.  The pretrial stipulation prepared in accordance with section III of this order.

.          B.  A trial brief or memorandum with citation of authorities and arguments in support of that side's position on all disputed issues of law, with copy to opposing counsel.

C.  In any **Jury** case, written requests for instructions to the jury, together with proposed forms of verdict, with copies to opposing counsel.  All requests for instructions shall be plainly marked with the name and number of the case; shall contain citations of supporting authorities; shall designate the party submitting the same; and, in the case of multiple requests by a party, shall be numbered in sequence.  While not required,  all parties are encouraged to submit proposed jury instructions on computer diskette contemporaneously with the filing of their proposed instructions with the Court.  Preferred formats for submission include Corel WordPerfect and Microsoft Word for Windows 95.  In accordance with Rule 51, Federal Rules of Civil Procedure, all such requests for jury instructions shall be filed by the date specified in paragraph I©).  Requested jury instructions regarding matters unforeseeable at that time must be filed prior to the time jury selection begins.  However, upon good cause shown,

supplemental requests for instructions may be submitted at any time prior to, or at, the close of the evidence.   It is the Court's policy to utilize the Eleventh Circuit's "Pattern Jury Instructions (Civil Cases)" (West 2000), and all requested instructions shall, if different from the pattern, identify the differences and provide a rationale for its utilization in lieu of the pattern.  If there is no Eleventh Circuit pattern instruction similar or analogous to the requested instruction, then the request shall so specify.  For claims based on state law, the comparable Florida (or applicable state's) standard jury instruction may be requested.

D.   In any **Non-Jury** case, proposed written findings of fact and conclusions of law, or, in lieu thereof, a proposed opinion or memorandum of decision in which such proposed findings of fact and conclusions of law appear, with complete citation of authorities where appropriate (see Rule 52, FRCP), with copies to opposing counsel.  Each disputed issue of fact or law identified in the pre-trial stipulation shall be addressed.  While not required, all parties are encouraged to submit their proposals on computer diskette contemporaneously with their written proposals filed with the Court.  Preferred formats for submission include Corel WordPerfect and Microsoft Word for Windows 95.

E.  Counsel for each party in any case shall arrange with the Clerk for marking for identification, in the sequence proposed to be offered, all exhibits intended to be offered by such party.

V.  <u>CONDUCT OF THE PRETRIAL CONFERENCE</u>.

A.  Counsel who will conduct the trial are required to be present for the pretrial conference.  They will be prepared to act with final authority in the resolution of all matters.

B.  The Court will ordinarily dispose of all motions and other matters then at issue.  The Court will review all matters contained in the pretrial stipulation, and consider any other matters which may be presented with a view towards simplifying the issues and bringing about a just, speedy, and inexpensive determination of the case.

C.  Counsel will be prepared to discuss the prospects of settlement.

VI.  <u>NEWLY DISCOVERED EVIDENCE OR WITNESSES</u>.

If new evidence or witnesses are discovered after the pretrial conference, the party desiring to use the same shall immediately furnish complete details thereof, together with the reason for the late discovery, to the Court and to opposing counsel.  Use of such evidence or witnesses shall then be allowed only by order of the Court

in the furtherance of justice.

VII.  <u>ADDITIONAL PRETRIAL CONFERENCES</u>.

If necessary or advisable, the Court may adjourn the pretrial conference from time to time, or may order additional pretrial conferences.

VIII.  <u>SPECIAL MATTERS</u>.

A. <u>Pending Motions</u>.  No motion for summary judgment or other motion filed after the date of this order will be grounds for cancellation or postponement of the pretrial conference, or as a basis for non-compliance with any other requirement of this order.  The parties will be expected to comply with this order as fully and to the same extent as though no such motion had been filed.  Any motion not filed and served in time for it to be heard and determined at the pre-trial conference, under the time limitations contained in the Local Rules or in the Federal Rules of Civil Procedure, will not be considered.  Parties will submit memoranda regarding any such motion to the Court in accordance with Local Rule 6.

In addition to the foregoing, the parties are reminded that the Scheduling Order entered in this case requires motions for summary judgment to be filed not later than 20 days after the close of discovery, unless otherwise permitted by court order.

B. <u>Settlement</u>.  If the case is settled prior to pretrial conference, it is the responsibility of the parties to see that the Court is immediately advised.

C. <u>Voir Dire Procedure</u>.  Voir dire examinations of jurors will be conducted by the Court.  If a party wishes to submit voir dire questions for the Court's consideration, the same must be in writing and filed with the Clerk at least four (4) days prior to trial, with copy to opposing counsel.  At the conclusion of the Court's voir dire examination and in the Court's discretion, reasonable opportunity may be given for counsel or the Court to ask additional questions that counsel believe should properly be asked  because of answers given or other matters occurring during voir dire, not satisfactorily explained by the Court's inquiry.

D. <u>Selecting the Jury</u>.  Jury selection will be accomplished in the manner specified to counsel prior to trial. Ordinarily, the Court will draw the panelists' names from the venire, prepare an ordered list of the panelists, and provide the list to counsel immediately before the jury selection begins.  The jurors will then be selected in the following manner:  for the first jury selected, the Court will start with the top name on the list of panelists and go down

the list until the first jury is selected.  For the next and subsequent juries, if any, the same procedure will be used, commencing with the next name on the list following the last juror selected on the preceding jury.  When the last name on the list is reached, the next panelist considered will be the first unselected name on the list, and the same procedure will be repeated.  The method of selection of jurors will usually be in one of the following ways:

(1)  The panel, or a sufficient portion of the panel, will be examined, after which the attorneys will be given the opportunity to exercise their challenges as in paragraph (3), below, until all the jurors and alternates are selected; or

(2)  The selection sequence may be done: (a) sequentially, in the order the prospective jurors are listed or seated, beginning with plaintiff and then the defendant, alternatively accepting or challenging each prospective juror until the selection has been completed; or (b) sequentially, by having plaintiff get the jury acceptable and tendering to defendant for acceptance or challenge, and repeating the procedure until the jury is acceptable to both plaintiff and defendant; or ©) concurrently, by having both plaintiff and defendant simultaneously, but independently, exercise their peremptory challenges on the panelists' list provided by the Court, with the first appropriate number of unstruck names on the list to constitute the jurors and alternates in the case.

(3)  The Court will ordinarily consider and rule on challenges for cause after all the questioning has been completed, either prior to the selection under the method described in paragraph (1), or during the selection under the method described in paragraph (2).  Peremptory challenges for alternate jurors will be in accordance with Rule 47(b), Federal Rules of Civil Procedure, unless the Court specifies otherwise.

(4)  Whatever method of jury selection is followed no back-striking will be permitted.

IX.  <u>SANCTIONS FOR NON-COMPLIANCE</u>.

A.  The requirements set out herein are intended to facilitate the efficient disposition and trial of this case.

**Counsel are expected to fully comply with this order, and if they should not, then the Court will impose sanctions in accordance with Rule 16(f), Federal Rules of Civil Procedure**.  Ordinarily, such sanctions will be in a monetary amount imposed against counsel personally, but the sanctions may be, among others, those specified in Rule 16(f) and Rules 37(b)(2)(A), (B), ©), or (D), Federal Rules of Civil Procedure.

B.  Should counsel fail to appear at the pretrial conference, an <u>ex parte</u> hearing may be held, and a

judgment of dismissal, or a default, or other appropriate judgment entered or sanctions imposed.

      C.  Counsel, as used herein, means and includes any party who is appearing <u>pro se</u>.

    **ORDERED** this 4th day of October 2005.


           *s/L. A. Collier*
           LACEY A. COLLIER
        Senior United States District Judge